Nash, J.
 

 The defendant was warranted, to recover the amount of a penalty alleged to have been incurred by him, in illegally trading with a slave by the name of Ganze, the property of the plaintiff. In order to prove the charge, the declarations of the defendant were relied on. The defendant admitted that his agent, at his landing, had received such articles from Ganze as were claimed by the plaintiff, and that
 
 he
 
 had received them, but did not know there was no permission in writing; that they had been entered on his barter book, but were not paid for, as the plaintiff could see by inspecting the book, which he tendered to him for that purpose, as also the time when they were received. In order to show when the transaction took place, the witness who proved these declarations was asked. “ what was the time of trading, as
 
 appearing on the book.”
 
 The question was objected to, because of the want of notice to produce the book. The objection was overruled, and the testimony received, and upon it, it appeared the warrant was brought within due time. No more of the case is here stated, than is necessary to exhibit the point upon which our opinion is founded.
 

 The 75th séc. of the 34-th ch. of the Revised Statutes, forbids the trading with slaves for the articles therein enumerated, without a written permission from the owner or manager of the slave, specifying the articles which he is permitted to sell, under a penalty of one hundred dollars for each offence. By the 77th sec. the offence is made indictable, and by the 80th sec. it is “ provided that no suit or indictment shall be prosecuted for any violation of the 75th sec. unless,such suit or indictment be • commenced within twelve months after such violation.” The defendant had pleaded, that the suit had not been commenced within the time limited by the act, and it
 
 *482
 
 was important to the plaintiff to show that it was brought within due time. The evidence offered to prove the fact was not competent, and his Honor erred in re-' eeiving it. Every thing said by the defendant at any time, concerning the transaction, was legal evidence against him,, and the plaintiff was entitled to the benefit of it. But the objection now is, that the evidence was-not to prove any declaration of his whatever, but of a separate and distinct
 
 fact
 
 — the
 
 contents of the barter book.
 
 The witness was not asked what the defendant had
 
 said
 
 was the time of committing fhe offence, but what the barter book stated was the time. In ail- the cases to which our attention has been drawn, the testimony was as to the declarations and acts of the defendants accompanying them. In that of the
 
 King
 
 v.
 
 Moores and
 
 others, the indictmnnt was for
 
 administering, seditions
 
 oaths. Witnesses swore to some words, in
 
 nature
 
 of an oath,
 
 spoken
 
 by the prisoner, who held a paper in his hands whilst be uttered them, and it was insisted no parol evidence could be received
 
 of what he said,
 
 because notice had not been given to produce the paper from which if was supposed he had read them. The objection was over-ruled by the Court.
 
 Hunt’s case,
 
 in 5th Eng. C. L. R. 377, is to the same effect. The defendant, with others, was indicted for a conspiracy to disturb the peace. A meeting was held at Smithfield, where Hunt appeared on the hustings, and delivered to the witness a paper, containing, as
 
 he stated,
 
 a copy of the resolutions to be proposed to the meeting, and the witness swore, that
 
 the
 
 resolutions he heard read corresponded with the copy so delivered to him. It was objected the paper was but a copy of the resolutions, and therefore not the best evidence without notice to produce the original-. Justice Bailey, before whom the case was tried, admitted the evidence, and, upon taking the opinion of the other Judges, his decision was approved, upon the ground that the paper-produced was received from the hands of Hunt, as con
 
 *483
 
 taining the resolutions then under discussion in the meeting, and, as to him, it was as good, if not better evidence, than any other could have been. In
 
 Moores
 
 case it was not necessary to produce the paper he held in his hand, because he
 
 administered
 
 the oath in the hearing of the witness. It was, therefore, that his declaration, or what he said, was given in evidence against him, and if the paper held by him had been produced and had proved to be a blank, still what he did and said in administering the oath would have been evidence against him, and in
 
 Hunt's
 
 case, it was the same as if he had repeated to the witness the resolutions, or the witness had heard him propose them to the meeting, for he told him it contained the resolutions to be proposed, or then actually under discussion. In truth, as Chief Justice Abbot remarked, the paper handed the witness was as good, if not better evidence, than any other. In both cases it was what the defendants said, that was given in evidence. The principle of those cases does not apply to the one we are considering. The defendant, Daniels, said, the articles had not been paid for, and tendered the barter book as proving that fact. He did not say when the trading took place, but that the book would show it, nor was the witness called on to prove any declarations of his as to that fact. He was asked, not what the defendant had said as to the time, but what the book stated. It was in no view a part of the
 
 res gesta.
 
 The case of
 
 La Motto,
 
 1 East. C. L. 126, was decided upon a different principle than those we have been considering, but still upon one which does not help the plaintiff’s case. He was indicted for carrying on a traitorous correspondence with France, while war existed between her and England, Letters of the prisoner, written to the French government were intercepted, copied and sent on to their destination. The reception of these copies in evidence was opposed, upon the ground that the originals ought to be produced, as being the best evidence. The objection was overruled. The originals were not in
 
 *484
 
 the possession or under the control of the prisoner, and the doctrine of notice did not apply, neither were they within the jurisdiction of the Court. Wo process, that could issue, could produce them. The copies then were the best evidence the nature of the case admitted. Here the barter-book was in the possession of the defendant. The plaintiff might have compelled its production, or by giving due notice, entitled himself to give parol evidence of its contents. He has not therefore given the best evidence the nature of his case admitted. For this error on the part of the presiding Judge, the judgment must be reversed and a
 
 venire de novo
 
 is awarded.
 

 Per Curiam. Judgment reversed and
 
 venire de
 
 novo.